IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| OCTAVIA MERTENS, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:24-CV-276-RP |
| BENELUX CORPORATION *d/b/a* PALAZIO MEN'S CLUB, et al., | § § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is the report and recommendation of United States Magistrate Judge Susan Hightower concerning Defendants' partially opposed motion to compel arbitration, (Dkt. 6). (R. & R., Dkt. 20). Defendants timely filed objections, (Objs., Dkt. 22), Plaintiffs filed a response, (Dkt. 23), and Defendants filed a reply, (Dkt. 24). Having reviewed the report and recommendation, the parties' briefs, the record, and the relevant law, the Court issues the following order.

Plaintiffs Octavia Mertens, Angelica Herrera, Belen Cadena, Kelly Sanchez, Maggie Montes, and Breona Horne bring this class action suit under the Fair Labor Standards Act ("FLSA") against their employer, Benelux Corporation d/b/a Palazio Men's Club; Palazio's owner, Anthanases Stamatopoulos; and Palazio's General Manager, Michael Mealey ("Defendants"). On April 30, 2024, Defendants filed a partially opposed motion to compel certain Plaintiffs' claims—Mertens, Herrera, Cadena, and Sanchez—to arbitration. (Dkt. 6).[1] Mertens, Herrera, and Sanchez do not oppose submitting their claims to arbitration. (*Id.* at 1; Resp., Dkt. 9, at 2 n.1). However, Cadena opposes arbitration, arguing that there is no arbitration agreement to enforce between her and Defendants

---

[1] Plaintiffs Montes and Horne joined this case through the first amended complaint, (Dkt. 16), which was filed after Defendants' motion to compel arbitration. Defendants have not moved to compel Montes and Horne to arbitration. Therefore, their claims are unaffected by this order.

1

because Defendants did not sign and execute the arbitration agreement. (Resp., Dkt. 9). On September 30, 2024, Judge Hightower issued her report and recommendation. (R. & R., Dkt. 20). Judge Hightower recommends that this Court deny Defendants' motion to compel arbitration because "Defendants have not shown that there was a valid and enforceable arbitration agreement between them and Cadena." (*Id.* at 8–9). On October 14, 2024, Defendants timely filed objections. (Dkt. 22).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). Because Defendants timely objected to the report and recommendation, the Court reviews the report and recommendation *de novo*.

Defendants have two main objections. First, Defendants object to Judge Hightower's recommendation to deny their motion to compel Mertens, Herrera, and Sanchez to arbitration because these three plaintiffs did not oppose Defendants' motion to compel. (Objs, Dkt. 22, at 3–4). However, the Court reads the magistrate judge's report and recommendation to recommend denying Defendants' motion to compel arbitration only as to Cadena, the only plaintiff to have opposed the motion. As such, the Court will grant Defendants' motion in part and compel Mertens, Herrera, and Sanchez to arbitration based on their representation that their claims are subject to arbitration, (*see* Resp., Dkt. 9, at 2 n.1), and the Court's independent finding that these three plaintiffs signed enforceable arbitration agreements with Defendants and their claims fall under these agreements, (*see* Dkts. 6-3, 6-4, 6-5).

In their motion, Defendants request that the Court dismiss these compelled claims without prejudice, or in the alternative, to stay these claims pending resolution of arbitration. (Mot., Dkt. 6, at 1). Plaintiffs respond by arguing that the Court should stay the claims which are submitted to

arbitration. (Resp., Dkt. 9, at 9–10). The Federal Arbitration Act provides that a judge "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. The Supreme Court has recently held that this provision of the FAA requires a court to stay, rather than dismiss, a lawsuit involving an arbitrable dispute. *Smith v. Spizzirri*, 601 U.S. 478 (2024). Accordingly, the Court will stay Mertens, Herrera, and Sanchez's claims in this case pending arbitration.

Second, Defendants object to the magistrate judge's finding that Cadena should not be compelled to arbitration because there was no valid and enforceable arbitration agreement between Cadena and Defendants. (Objs., Dkt. 22, at 4–12). After reviewing the report and recommendation and Defendants' objections *de novo*, the Court agrees with the magistrate judge that the "Arbitration Agreement contains clear and express language that the parties must sign the agreement to give it effect." (R. & R., Dkt. 20, at 8). Because Defendants did not sign Cadena's arbitration agreement, there is no valid and enforceable arbitration agreement between them and Cadena. Accordingly, for the reasons given in the report and recommendation, the Court overrules Defendants' objections and adopts the report and recommendation as its own order.

Accordingly, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Susan Hightower, (Dkt. 20), is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants' motion to compel arbitration, (Dkt. 6), is **GRANTED IN PART AND DENIED IN PART**. Mertens, Herrera, and Sanchez's claims are compelled to arbitration. Cadena's claims are not compelled to arbitration and will proceed in this action, alongside the claims of Montes and Horne.

**IT IS FURTHER ORDERED** that Mertens, Herrera, and Sanchez's claims are **STAYED** pending arbitration. The parties shall file quarterly status reports detailing the status of the

arbitration proceedings, with the first report being due on or before **February 6, 2024**, and every **90 days** thereafter.

**IT IS FINALLY ORDERED** that the parties consult the website for the United States District Court for the Western District of Texas (www.txwd.uscourts.gov), the "Judges' Info" tab, "Standing Orders," "Austin Division," and submit a joint proposed scheduling order using District Judge Robert Pitman's form on or before **November 20, 2024**.

**SIGNED** on November 6, 2024.

    _____
    ROBERT PITMAN
    UNITED STATES DISTRICT JUDGE