# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BREONA HORNE, *et al.*, | § |
| | § |
| *Plaintiffs*, | § |
| | § |
| v. | § |
| | §   CIVIL ACTION NO. 1:24-cv-00276-RP |
| BENELUX CORPORATION, d/b/a PALAZIO MEN'S CLUB, *et al.*, | § |
| | § |
| *Defendants.* | § |

## AGREED CONFIDENTIALITY AND PROTECTIVE ORDER

To facilitate the exchange of information concerning non-parties to this action, Plaintiffs Breone Horne and Maggie Montes ("Plaintiffs"), and Defendants Benelux Corporation, d/b/a Palazio Men's Club, Anthanases Stamatopoulos, and Michael Mealey (collectively, "Defendants") stipulate and agree that certain documents and information produced by Defendants shall be subject to the terms and conditions of this Agreed Confidentiality and Protective Order as follows:

1

I.  **DEFINITIONS**

In this Agreed Protective Order, the following definitions shall apply:

A.  **"Confidential Information"** means all information, documents, or other materials Defendants may produce related to Notice Litigation, including personally identifiable information and personal data of non-parties ("**PII**"), that is designated in compliance with the terms of this Protective Order.

B.  **"Nonconfidential Information"** means information that—

    (1)  May be found in the public domain at the time of Defendants' production hereunder, for example, as evidenced by a written document available on a state or federal court's docket;

    (2)  becomes part of the public domain through no fault of Plaintiffs, as evidenced by a publicly-accessible written document; or

    (3)  if Plaintiffs or their counsel can show by written affidavit that the information was in his or her rightful and lawful possession prior to Defendants' disclosure of the information hereunder.

C.  **"Notice Litigation"** means the litigation and disposition of issues related to court-approved distribution of notice in accord with 29 U.S.C. § 216(b) and *Swales v. KLLM Transp. Services, L.L.C.*, 985 F.3d 430 (5th Cir. 2021), or any other litigation involving Plaintiffs' desire to proceed on an aggregate or representative basis.

D.  **"Qualified Persons"** means:

    (1)  counsel for the parties in this litigation and their respective staff;

    (2)  the Court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation;

    (3)  litigation vendors, court reporters, and other litigation support personnel;

    (4)  non-party witnesses who authored, created, signed, or executed documents marked Confidential;

    (5)  Individuals whom the parties agree may be designating as a Qualified Person in a writing signed by counsel for the parties without need for seeking further order of the Court;

    (6)  All Plaintiffs in this litigation; or

2

(7) Individuals the Court may designate as Qualified Persons of its own accord, or upon granting Plaintiffs leave to designate such additional persons.

## II. DESIGNATING CONFIDENTIAL INFORMATION

A. **Document Markings.** Defendants may designate documents or information Confidential Information by stamping or marking each page of the documents, materials, or information "Confidential." In lieu of marking the original of a document, Defendants may mark the copies that are produced.

Defendants will use reasonable care to avoid designating documents, materials, or information as Confidential that does not need to be designated as such.

B. **Depositions.** Deposition exhibits, transcripts, or portions thereof, may be designated as Confidential Information by either —

(1) Stating on the record at the deposition that the testimony or exhibits are Confidential subject to the provision of this Order; or

(2) by sending written notice to all counsel of record, no later than five (5) days after Defendants' receipt of the transcript, the specific pages or lines of the transcript that should be treated as Confidential thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control. All deposition transcripts shall be treated as Confidential for a period of five (5) days after initial receipt of the transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Confidential Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

C. **Inadvertent Production.** Defendants' production of Confidential Information prior to its designation in accordance with this Protective Order shall not be deemed a waiver of a claim of confidentiality. Any such error shall be corrected within a reasonable time and shall be treated as Confidential Information from the date written notice of the designation is provided by Defendants to Plaintiffs.

D. **Challenging Designations.** Plaintiffs may submit a request in writing to Defendants that a Confidential designation be modified or withdrawn. If Defendants do not agree to the redesignation within fourteen (14) days, Plaintiffs may apply to the Court for relief, subject to the following:

(1) the parties shall first meet and confer to attempt resolution of the dispute in good faith and on an informal basis;

3

    (2)    if the dispute cannot be resolved, Plaintiffs shall then have fourteen (14) days from the date of the meet and confer to file a motion with the Court challenging designation of the documents or information as Confidential; and

    (3)    the disputed information shall remain designated as Confidential Information unless and until further order of the Court.

## III. DESIGNATING QUALIFIED PERSONS

**A.** **Additional Qualified Persons.** In the event Plaintiffs seek to designate individuals who are not otherwise designated herein as a Qualified Person, Plaintiffs shall first confer with Defendants and attempt to resolve any disputes in good faith and on an informal basis.

    (1)    If the disagreement cannot be resolved, Plaintiffs shall have fourteen (14) days from the date of the conference to move the Court for relief.

    (2)    Plaintiffs shall have the burden of demonstrating that designation of the disputed person as a Qualified Person will not expose Defendants to a risk of disclosure of the Confidential Information in violation of this Protective Order.

    (3)    No disclosure of Confidential Information shall be made to the disputed person unless and until the Court enters an order approving his or her designation.

**B.** **Notice to Additional Qualified Persons.** If Plaintiffs obtain Defendants' agreement or the Court's authorization to designate additional individuals as Qualified Persons, Plaintiffs shall have the duty to ensure that those individuals observe the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such individuals to observe the terms of this Protective Order.

## IV. RESTRICTED USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION

**A.** **Use of Confidential Information for Notice Litigation Only.** All Confidential Information produced by Defendants hereunder shall be used solely and exclusively for the purpose of Notice Litigation, inclusive of the following conditions:

    (1)    Confidential Information shall be restricted in circulation solely to Qualified Persons;

    (2)    Confidential Information shall not be disclosed or made available to any individuals or entities who are not Qualified Persons except as necessary to

4

        comply with applicable law or order of the Court; provided, however, that in the event of a disclosure compelled by law or order of another court, Plaintiffs' counsel will so notify Defendants as promptly as practicable (if at all possible, prior to making such disclosure), to enable Defendants to seek appropriate relief;

    (3)    Confidential Information may be disclosed to non-party witnesses who are Qualified Persons, but only for purposes of testimony or preparation of testimony in this case, whether at trial, hearing, or deposition, but it may not be retained by the witness or prospective witness;

    (4)    Plaintiffs' counsel may not use any Confidential Information to initiate contact any of the individuals identified or referenced therein for any purpose whatsoever unless Plaintiffs have first obtained the Court's express prior approval to initiate such contact.

    (5)    Defendants and Defendants' counsel shall not contact any of the individuals identified in the Confidential Information about this lawsuit outside the ordinary course and scope of business during the term of this Protective Order.

**B.**     **Filing Under Seal.** If a party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following:

    (1)    with the consent of the producing party, file only a redacted copy of the information, with all PII and names redacted except for the first letter of either the individual's first and/or last name (*e.g.*, 'Jane Doe' would be Jane D▮ or J▮ Doe);

    (2)    where appropriate (*e.g.*, in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or

    (3)    file such information under seal with the court consistent with the sealing requirements of the court.

**C.**     **No Waiver.** The filing of pleadings or other papers that disclose or contain Confidential Information does not waive the designated status of the material. The Court will determine how Confidential Information so filed will be treated as it deems appropriate.

**D.**     **Maintenance of Confidential Information.** A person having custody of Confidential Information in any form shall maintain it in a manner that limits access to persons permitted such access under this Protective Order.

 (1) Copies of all Confidential Information shall be maintained solely in the office of Plaintiffs' counsel and no other.

 (2) Copies of Confidential Information may be prepared by independent copy services, printers, or illustrators solely for purposes of depositions in connection with litigating the issues before the court in connection with Notice Litigation.

 (3) Plaintiffs' counsel shall maintain a log of all Qualified Persons who received or reviewed copies of Confidential Information and shall produce a sworn copy of the log upon order of the Court.

E. **Inadvertent Disclosure by Plaintiffs.** If Plaintiffs learn of any unauthorized disclosure of Confidential Information, Plaintiffs' counsel shall immediately, upon learning of such disclosure, inform the Defendants of all pertinent facts relating to such disclosure and shall fully cooperate with Defendants' efforts to prevent disclosure by each unauthorized person who received such information.

F. **Consent to Disclosure and Use in Examination.** Nothing in this Protective Order shall prevent disclosure beyond the terms of this Protective Order if Defendants consent to such disclosure, or if the Court, after notice to all affected parties and nonparties, orders such disclosure.

## V. TERMINATION OF THIS PROTECTIVE ORDER

A. **Return or Destruction of Confidential Information.** All Confidential Information in Plaintiffs' possession, all reproductions of such information, and any notes, summaries, or descriptions of such information, shall be promptly returned to Defendants (if the Confidential Information was produced to Plaintiffs in a hard-copy format), and/or destroyed and fully deleted by Plaintiffs (if the Confidential Information was produced to Plaintiffs or recorded in an electronic format) by the earlier of:

 (1) thirty (30) days from entry of an order that terminates Notice Litigation, for example, an order denying a motion for authorization to send notice under 29 U.S.C. § 216(b) or otherwise requiring Plaintiffs to proceed with their claims on an individualized basis;

 (2) thirty (30) days from the filing a voluntary dismissal; or

 (3) thirty (30) days from entry of a final judgment.

## MISCELLANEOUS

B. **Additional Orders.** The restrictions imposed by this Protective Order may be modified or terminated only by further order of the Court. The foregoing is entirely

without prejudice to the right of any party to apply to the Court for further orders relating to Confidential Information, including—

(1) objections to the production of Confidential Information;

(2) applying to the Court for an order compelling production of Confidential Information;

(3) modifications of this Protective Order; or

(4) to seek any other relief from the Court.

**C.    Ongoing Obligations.** Insofar as the provisions of this Protective Order restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that—

(1) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and

(2) a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order.

**D.    Modification and Exceptions.** The restrictions imposed by this Order may be modified or terminated only by further order of the Court.

It is SO ORDERED this _____ day of April, 2025.


_____
United States District Judge