IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MAGGIE MONTES, BREONA HORNE, OCTAVIA MERTENS, ANGELICA HERRERA, BELEN CADENA, AND KELLY SANCHEZ, *on behalf of themselves and others similarly situated*, | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:24-CV-276-RP |
| BENELUX CORPORATION *d/b/a* PALAZIO MEN'S CLUB, ANTHANASES STAMATOPOULOUS, and MICHAEL MEALEY, | § § § § § § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiffs Maggie Montes ("Montes") and Breona Horne's ("Horne") (collectively, "Plaintiffs") Opposed Motion for Leave to File Plaintiffs' Second Amended Complaint. (Dkt. 37). Defendants Benelux Corporation, d/b/a Palazio Men's Club ("Benelux"), Anthanases Stamatopoulos, and Michael Mealey (collectively, "Defendants") filed a response, (Dkt. 39), and Plaintiffs replied, (Dkt. 42). Having considered the parties' briefs, the evidence, and the relevant law, the Court finds that the motion should be granted.

### I. BACKGROUND

Plaintiffs are former wait staff at Defendants' strip club in Austin, Texas. They allege that they received wages of $2.13 per hour along with tips from customers. (Am. Compl., Dkt. 16, ¶¶ 14–20, 30–31). Plaintiffs allege that they were required to share their tips with Defendants' managers and work off-the-clock, before and after their shifts. (*Id.* ¶¶ 32, 37–38, 48). Plaintiffs also allege that Defendants made illegal deductions from their pay for various costs for the benefit of their employer, such as meals and uniforms. (*Id.* ¶¶ 41–43). Further, they allege that Defendants made

fraudulent reports to the Internal Revenue Service that Plaintiffs kept all their tips, which caused Plaintiffs to pay more in taxes than they should have. (*Id.* ¶¶ 45–47).

On March 24, 2024, Plaintiffs Octavia Mertens, Angelica Herrera, Kelly Sanchez, and Belen Cadena (the "Original Plaintiffs") filed their original complaint against Defendants. (Dkt. 1). They bring an opt-in collective action under the Fair Labor Standards Act ("FLSA") and an opt-out class action under 26 U.S.C. § 7434 and Federal Rule of Civil Procedure 23. They bring claims for minimum wage violations and tip misappropriation under the FLSA and a claim for fraudulent filing of tax returns. (*Id.*). On August 3, 2024, the Court granted the Original Plaintiffs' Motion for Leave to File Plaintiffs' First Amended Complaint, (Dkt. 13), after Defendants indicated their non-opposition, (Dkt. 15). (Text Order, Aug. 3, 2024). The First Amended Complaint—the operative pleading—joined current Plaintiffs Montes and Horne but did not otherwise include any new factual allegations or claims for relief. (*See* Am. Compl., Dkt. 16).

With the claims of the other four plaintiffs currently stayed, Plaintiffs seek leave to file their Second Amended Complaint. (Dkt. 37).[1] The proposed complaint adds a fourth claim of action for state common law claims for breach of contract, quantum meruit, promissory estoppel, unjust enrichment, or money had and received. (Dkt. 37-1, ¶ 73). The proposed complaint also adds a prayer for relief for "an Order awarding Plaintiffs and Putative Class Members unpaid wages at their regular rates of pay under their contracts (express or implied) or under any applicable statute." (*Id.* at 12). Plaintiffs filed their motion for leave to amend on February 6, 2025—one day before the

---

[1] Though there are six named plaintiffs in this action, only Plaintiffs Montes and Horne bring the instant motion for leave to amend. The Court has compelled Plaintiffs Octavia Mertens, Angelica Herrera, and Kelly Sanchez to pursue their claims in arbitration and has accordingly stayed their claims. (Order, Dkt. 25). The Court denied Defendants' motion to compel arbitration as applied to Plaintiff Belen Cadena, but her claims are likewise stayed as the parties pursue an interlocutory appeal to the Fifth Circuit on the arbitrability of her claims. (*Id.*; Text Order, Dec. 2, 2024).

deadline for amended pleadings under the Scheduling Order. (*See* Dkt. 35). Defendants oppose Plaintiffs' motion, contending that the proposed amendment is futile. (Dkt. 39).

## II. LEGAL STANDARD

Because Plaintiffs filed their motion for leave to amend before the deadline for amended pleadings, the Court analyzes Plaintiffs' motion under Federal Rule of Civil Procedure 15. *See Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013). Rule 15 permits a party to amend its pleading "once as a matter of course," but afterwards "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002). But leave to amend "is by no means automatic." *Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991). A district court may deny leave to amend if it has a "substantial reason" to do so. *Lyn–Lea Travel Corp.*, 283 F.3d at 286. The futility of amendment is one such substantial reason to deny leave to amend. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). A proposed amendment is futile if it fails to state a claim upon which relief could be granted. *Id.* at 873. Therefore, in determining futility, this Court will apply the "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.*

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to

relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### III. DISCUSSION

To determine whether Plaintiffs' proposed amendment is futile, the Court must decide whether Plaintiffs have sufficiently pleaded their newly asserted state law claims for breach of contract and quasi-contract claims. Defendants argue that Plaintiffs' amendment is futile for two reasons: (1) The state law claims are preempted by the FLSA; and (2) Plaintiffs' state law claims fail to state a claim for relief. (Dkt. 39, at 1). The Court addresses each in turn.

### A. FLSA Preemption

"[T]he FLSA preempts redundant state law claims for nonpayment of minimum wages and overtime compensation by way of conflict preemption." *Aldridge v. Mississippi Dep't of Corr.*, 990 F.3d 868, 877 (5th Cir. 2021); *see also Lilani v. Noorali*, No. CIV.A. H-09-2617, 2011 WL 13667, at *7 (S.D. Tex. Jan. 3, 2011) ("Courts within this Circuit . . . have concluded that such state-law claims, which include claims for breach of contract, unjust enrichment, and quantum meruit, are preempted by the FLSA."). However, the Fifth Circuit has also recognized that state law claims are not preempted by the FLSA if the state law claims offer a remedy beyond what the FLSA can offer. *See Aldridge*, 990 at 872 (explaining that in surveying other courts' holdings on FLSA pre-emption, "[t]he common thread is this: When the FLSA provides a remedial measure, it conflicts with similar state law causes

of action and thus preempts them; when the FLSA does not provide a remedial measure, there is no preemption."). District courts across the Fifth Circuit have found similarly. They have concluded that state-law claims seeking payment for hours worked under forty hours a week—"gap time" claims—are not preempted, as the FLSA does not provide a cause of action for unpaid wages in excess of the minimum wage. *See Williamson v. BOPCO, L.P.*, No. PE:16-CV-79-RAJ-DF, 2017 WL 5071336, at *10 (W.D. Tex. Sept. 27, 2017) (collecting cases); *see also Karna v. BP Corp. N. A.*, 11 F. Supp 3d 809, 817 (S.D. Tex. 2014), *aff'd*, 609 Fed. App'x 814 (5th Cir. 2015) (finding that plaintiff's quantum meruit claim was not preempted by the FLSA because it did not seek minimum wages or overtime wages).

  Plaintiffs argue that their new contractual claims offer them relief beyond what is afforded under the FLSA, and as such, are not preempted. The Court agrees. Plaintiffs' new contractual claims are based on their employment contract with Benelux, which did not promise to pay Plaintiffs the minimum wage—$7.25 per hour—but rather promised them $2.13 per hour and tips. (2d Am. Compl., Dkt. 37-1, ¶¶ 30–31). Plaintiffs represent that the tips they earned divided out into an amount higher than $7.25 per hour worked, meaning that Plaintiffs' alleged contractual rates of pay exceeded the minimum wage. (Reply, Dkt. 42, at 3; *see also* 2d Am. Compl., Dkt. 37-1, at 12 (asking for relief in the form of "unpaid wages at their regular rates of pay under their contracts (express or implied) or under any applicable statute")). Plaintiffs allege that Defendants violated the minimum wage requirements of the FLSA by allowing managers to take tips, which is expressly prohibited by the FLSA. 29 U.S.C. §§ 203(m)(2)(B). Under the FLSA, employees can recover up to $7.25 per hour worked plus an equal amount in liquidated damages for each hour a minimum wage violation occurred. *Id.* § 216(b). That is the limit of what the FLSA provides. Therefore, for hours that Plaintiffs worked off-the-clock, completely unpaid, the FLSA can only remedy up to $7.25 an hour plus an equal amount in liquidated damages. In contrast, Plaintiffs' new contractual claims

would allow them to recover their contractual damages in excess of $7.25 per hour—or their "gap time"—which are not covered by the FLSA.

The crux of Defendants' preemption argument is that Plaintiffs cannot have both a violation of their minimum wage rights under the FLSA and have a cause of action for damages that flow from any unpaid wages in excess of $7.25 per hour. But as explained above, it is plausible that Defendants breached their minimum wage obligations to Plaintiffs under the FLSA while also failing to pay them their contractual rate of pay which exceeds $7.25 per hour. Because the FLSA does not provide a remedy for these gap time claims, the Court is satisfied that at this stage that Plaintiffs' contractual claims are not futile due to FLSA preemption.

## B. Failure to State a Claim

Defendants also argue that Plaintiffs' Proposed Second Amended Complaint is not sufficiently detailed to give notice of the new contractual claims. Specifically, Defendants argue that Plaintiffs have not sufficiently pled all the elements for their breach of contract, quantum meruit, and promissory estoppel claims. (Resp., Dkt. 39, at 3–5). The Court disagrees.

The elements for a breach of contract claim are: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.,* 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). Defendants argue that the Second Amended Complaint is deficient because it does not mention what contract existed, how it formed, who the contract was with, which Defendants' conduct constituted breach, or how the alleged contract was breached. (Resp., Dkt. 39, at 4).

However, Plaintiffs plead that they were employees of Defendants. (Dkt. 37-1, ¶¶ 15–20, 29). An employment relationship is inherently contractual in nature. *In re Guardianship & Estate of*

6

*Tonner*, 514 S.W.3d 242, 245 (Tex. App.— Amarillo 2014), *aff'd* 513 S.W.3d 496 (Tex. 2016); *see also Pioneer Cas. Co. v. Bush*, 457 S.W.2d 165, 169 (Tex. Civ.—Tyler 1970, writ ref'd n.r.e.) ("An employer-employee relationship must be founded in contract, express or implied, oral or written."); *Vanegas v. Am. Energy Services*, 302 S.W.3d 299, 303 (Tex. 2009) (holding that promises to pay various forms of compensation for at-will employment are unilateral contracts, enforceable once the employee performs by working). Therefore, Plaintiffs' allegations that they were employees of Defendants are allegations that they were in an employment contract, namely a promise to be paid for work performed. Plaintiffs plead that they were unpaid for work performed off-the-clock, which would constitute performance and breach. (*See* 2d Am. Compl., Dkt. 37-1, ¶ 48). The proposed complaint also contains allegations regarding damages, i.e., how Plaintiffs were paid, including Defendants' tipping policies. (*See id.* ¶¶ 30–40). As such, Plaintiffs have sufficiently pled all four elements of their breach of contract claim.

The elements of a quantum meruit claim are: "(1) valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) those services and materials were accepted by the person sought to be charged, and were used and enjoyed by him; and (4) the person sought to be charged was reasonably notified that the plaintiff performing such services or furnishing such materials was expecting to be paid by the person sought to be charged." *Hill v. Shamoun & Norman, LLP*, 544 S.W.3d 724, 732–33 (Tex. 2018). Defendants contend that Plaintiffs' quantum meruit claim is insufficiently pleaded because it does not allege what services were rendered, to whom, whether Defendants accepted such services, or how they were enjoyed by them. Defendants further argue that the complaint lacks allegations concerning the applicable measure of damages, i.e., "the reasonable value of the work performed." *Id.* But the proposed complaint does include factual allegations for each element. Plaintiffs allege that they rendered off-the-clock work for Defendants for which they were unpaid, and that Defendants required this off-the-clock work. It

7

is reasonable to infer that Plaintiffs expected to be paid for this work. Last, Plaintiffs' allegations surrounding their wage and Defendants' tipping policies supplies "the reasonable value of the work performed." As such, Plaintiffs have adequately pled a quantum meruit claim.

Finally, in Texas, "[t]he requisites of promissory estoppel are: (1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment." *MetroplexCore, L.L.C. v. Parsons Transp., Inc.*, 743 F.3d 964, 977 (5th Cir. 2014) (quoting *English v. Fischer*, 660 S.W.2d 521, 524 (Tex. 1983)). Plaintiffs plead that they were promised wages and tips in exchange for their employment at the Benelux but did not receive this compensation for their off-the-clock work. Even if not explicitly plead, it is reasonable to infer that Plaintiffs would rely upon the expectation of compensation, and that Defendants would foresee that their employees would expect to earn their promised compensation. Accordingly, the Court finds that Plaintiffs have sufficiently pled a promissory estoppel claim.

## IV. CONCLUSION

Because Plaintiffs represent that their contractual compensation is higher than the minimum wage, Plaintiffs' contractual claims are not preempted by the FLSA because the FLSA does not provide a remedy for these gap time claims. These state law claims are also sufficiently pled in Plaintiffs' Second Amended Complaint. As such, the Court finds that the proposed amendment is not futile. Finding no other substantial reason to deny leave to amend, the Court will grant Plaintiffs' motion for leave to file their Second Amended Complaint.

For the reasons given above, **IT IS ORDERED** that Plaintiffs' Opposed Motion for Leave to File Plaintiffs' Second Amended Complaint, (Dkt. 37), is **GRANTED**. The Clerk of the Court is **ORDERED** to file Plaintiffs' Second Amended Complaint, (Dkt. 37-1).

**SIGNED** on May 19, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE